FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

99 JUL -7 PM 12: 49

GEORGE MAY,

    Plaintiff,

v.                              Case No. 98-1737-CIV-T-24(B)

DONALD TRUMP and the
TRUMP ORGANIZATION,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' Motion to Dismiss (Doc. No. 5, parts 1-3), Defendants' Motion to Transfer (Doc. No. 5, part 4), Plaintiff's Motion for Entry of Default (Doc. No. 7, part 1), Plaintiff's Motion for Default Judgment (Doc. No. 7, part 2), Plaintiff's Motion to Strike (Doc. No. 7) and Plaintiff's Motion for Summary Judgment (Doc. No. 7, part 3).

The following facts are alleged in Plaintiff's Pro Se Complaint. Sometime before 1993, "plaintiff ... created and authored original technical letters, and text, and technical compliations [sic], copyrighted by plaintiff, for his international airport project in Marin County Florida." (Compl. ¶ 11.) Plaintiff alleges that he complied with "all laws governing copyright and secured the exclusive rights and privileges in and to the Copyrighted, letters, Text, technical compliations [sic], marketing plan, advertising plan, business plan, and received from the Register of Copyrights, certificates

of registration." (Compl. ¶ 13.) The title of the work in question is "Tactic's [sic] to Negotiate Tribe Gaming Compacts." It is described as a "compliation [sic] of 1994 Newspaper technical articles, authors letter." An analysis of the work itself reveals letters from Plaintiff to the General Counsel for the Seminole Tribe. There are also assorted newspaper articles on Indian gaming underlined and annotated by the Plaintiff. In addition, there is a photo-copy of a legal dictionary page on which the terms "sovereign" and "sovereign immunity" are defined.

In 1996, according to Plaintiff, he sent these materials to the Defendants, "in expectation of payment if used by the defendant's [sic]." Plaintiff alleges that, by receiving the materials and thanking him for it, Defendants entered into "an implied in fact contract ... in which the defendant's [sic] agreed to pay the plaintiff for his property used." (Compl. ¶ 16.) Defendants did not pay Plaintiff, however. Instead, Plaintiff asserts, "the defendant's used the plaintiff's ideas, and infringed on the plaintiff's copyrighted works." In addition, Defendants allegedly interfered with an agreement to develop a $300 million theme park on Plaintiff's property in Marin County and made misrepresentations about the Plaintiff.

On August 25, 1998, Plaintiff initiated this action, alleging an amount in controversy sufficient to satisfy 28 U.S.C. § 1332, but also alleging that "[t]his Court has jurisdiction over this matter under 17 U.S.C., 15 U.S.C. 43(a) ... and the

Berne Convention Implementation Act Treaty of 1988." Although formally divided into three Counts, Plaintiff's claims are mingled. It is plain, though, that besides various state law claims in tort and in contract Plaintiff is asserting a claim for copyright infringement.

The docket suggests that Plaintiff served Defendants on October 20, 1998. (Doc. No. 4.) Defendants filed a motion to dismiss in response on November 12, 1998. (Doc. No. 5.) Arguing that Defendants had failed to answer the complaint, Plaintiff moved for entry of default and for a default judgment. In addition, Plaintiff moved to strike Defendants' motion to dismiss.

### A. Plaintiff's Motions

Plaintiff argues that Defendants have failed to answer his complaint and that, as a result, default should be entered and judgment by default granted. Defendants responded to the complaint by filing a motion to dismiss, however, and until that motion is granted or denied Defendants are under no obligation to answer Plaintiff's complaint. Therefore, the entry of a default or a default judgment is not proper here.

B.  <u>Defendants' Motion to Dismiss</u>

Defendants move to dismiss on grounds that the Court lacks subject matter jurisdiction and on grounds that the sole federal claim fails to state a claim for which relief may be granted.[1]

1.  Subject Matter Jurisdiction

With regards to subject matter jurisdiction, Defendants note that this Court lacks jurisdiction under 28 U.S.C. § 1332. In this, Defendants are correct. Diversity jurisdiction may not be piece-meal; each plaintiff must be diverse from each defendant. <u>See, e.g.</u>, <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806) (Marshall, C.J.) (formulating rule of "complete diversity"); <u>Taylor v. Appleton</u>, 30 F.3d 1365 (11th. 1994) (following <u>Strawbridge</u> rule). Here, the complaint alleges that defendant Donald Trump is a resident of West Palm Beach, Florida. Consequently, complete diversity is lacking.

Still, although the Plaintiff (who is proceeding pro se) does not explicitly invoke federal question jurisdiction, it is plain that he is alleging copyright infringement. Thus, this action, on its face at least, arises under the Copyright Act, and this Court possesses federal question jurisdiction over the copyright claim. <u>See</u> <u>MCA Television Ltd. v. Public Interest</u>

---

[1] In addition, Defendants move to dismiss or to transfer for improper venue. Because the Court is dismissing the action on other grounds, <u>see infra</u>, the motion to dismiss for improper venue, or to transfer, is moot.

Corp., 171 F.3d 1265, 1270 (11th Cir. 1999) ("[A]n action 'arises under' the Copyright Act where the complaint 'is for a remedy expressly granted by the Act, e.g., a suit for infringement.'") (quoting T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964) (Friendly, J.)). Defendants suggest that the Court cannot exercise such jurisdiction because of defects in Plaintiff's copyright claim. This argument is less one about subject matter jurisdiction than one as to whether the Plaintiff has succeeded in stating a claim.

2. Failure to State a Copyright Infringement Claim

In deciding a motion to dismiss for failure to state a claim, the district court is required to view the complaint in the light most favorable to the plaintiff. See, e.g., Scheuer v. Rhodes, 416 U.S. 232 (1974). A complaint should not be dismissed for failure to state a cause of action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bank v. Pitt, 928 F.2d 1108, 1111-12 (11th Cir. 1991) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Article I, section 8 of the Constitution authorizes Congress "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const. Art. I, section 8. The Copyright Act affords protection to

"original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). The requirement that a work be "original" in order to be afforded copyright protection is thus both constitutional and statutory. See Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 346 (1991). "Originality" entails independent creation by the author and a modest quantum of creativity. 17 U.S.C. § 102(a).

In this instance, the newspaper clippings gathered by the Plaintiff were not created by him. Indeed, insofar as they merely report on current events, even their original authors could not seek copyright protection for them. As the Supreme Court has stated: "[T]he news element - the information respecting current events contained in the literary production - is not the creation of the writer, but is a report of matters that ordinarily are publici juris; it is the history of the day. It is not to be supposed that the framers of the Constitution ... intended to confer upon one who might happen to be the first to report a historic event the exclusive right for any period to spread the knowledge of it." International News Serv. v. Associated Press, 248 U.S. 215 (1918).[2]

---

[2] It may be that Plaintiff is attempting to characterize the totality of the newspaper clippings as something greater than the sum of the parts; that is, as a wide-ranging research effort. Nonetheless, even arduous historical research is insufficiently original to gain copyright protection. See Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 566 (1985); Miller v. Universal City Studios, Inc., 650 F.2d 1365 (5th Cir. 1981); Hoehling v. Universal City Studios, Inc., 618 F.2d 972 (2d Cir. 1980).

The letters that accompany the newspaper clippings also largely recite facts, and facts cannot be copyrighted. See Feist, 499 U.S. at 344. It is true that factual "compilations" may "possess the requisite originality" to be afforded copyright protection. See id. at 348. This protection only extends, however, to the manner of selection and arrangement employed by the compiler, and the facts themselves may be used by anyone. See id. In this instance, it is doubtful that Plaintiff's selection and arrangement of newspaper clippings is sufficiently original to merit even the thinnest protection. In any case, there is no allegation in the complaint, and no reason to believe, that Defendants have attempted to copy the random manner of Plaintiff's selection of facts. Plaintiff only alleges that Defendants exploited the factual material itself, which – as the Court has explained – is not protected.

Plaintiff appears to suggest that the annotated newspaper clippings and the letters are to be considered as the basis of a "strategy" or "tactic" pertaining to Indian gaming. Plaintiff's real grievance is that the Defendants have taken this concept without paying him. There are a number of obstacles that prevent such an allegation from forming the basis of a copyright infringement claim. First and foremost, the plan or strategy itself is not "fixed" in any sort of document, and fixation is a requirement for a work to be subject to copyright protection. 17 U.S.C. § 102(a).

7

Even if Plaintiff were to set down his strategy or concept in a report or treatise, it still would not be sufficiently original to gain copyright protection. "Concepts" or strategies such as this may be trade secrets, but they are not "original works of authorship." See Bellsouth Advertising & Publishing Corp. v. Donnelly Info. Publishing, Inc., 999 F.2d 1436, 1441 (11th Cir. 1993) (holding that strategies or techniques for discovering data may not be copyrighted); see also Buckman v. Citicorp., No. 96-7236, 1996 WL 460776, at * (2d Cir. Aug. 14, 1996) (holding that plaintiff's proposal as to photographic identification cards was not copyrightable); Morrissey v. Proctor & Gamble, 379 F.2d 675, 678 (1st Cir. 1967) (holding that idea for sweepstakes contest was not copyrightable); Boyle v. Stephens, Inc., No. 97-CIV-1351, 1997 WL 529006, at *4 (S.D.N.Y. Aug. 26, 1997) (holding that plaintiff's "concept" for structure and attributes of mutual fund could not be copyrighted); Parham v. Coca-Cola Co., No. 3:96cv551, 1996 WL 901072, at *1 (E.D. Va. Sept. 30, 1996) (holding that plaintiff could not claim copyright in marketing ideas submitted to defendant corporation); Hoopla Sports & Entertainment, Inc. v. Nike, Inc., 947 F. Supp. 347, 353 (N.D. Ill. 1996) (holding that concept of high school all-star basketball game could not be copyrighted); Pazienza v. Saint Barnabas Med. Ctr., 921 F. Supp. 1274, 1275 (D.N.J. 1995) (holding that copyright protection did not extend to "concept and idea of hospital-based clinical cosmetology center"); Sado v.

Ellis, 882 F. Supp. 1401, 1404 (S.D.N.Y. 1995) (holding that "Countdown 2000" proposal for New Year's Eve celebration could not be copyrighted); Ring v. Estee Lauder, Inc., 702 F. Supp. 76, 78 (S.D.N.Y. 1988) (holding that "videotaped makeover concept" could not be copyrighted).

Like the plaintiffs in the aforementioned cases, the Plaintiff here is alleging that Defendants have taken his idea or "concept" (his "Tactic[] to Negotiate Tribe Gaming Compacts"). The copyright statute itself makes plain that, "[i]n no case does copyright protection extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated or embodied in such work." 17 U.S.C. § 102(b). It is the expression of the idea - rather than the idea itself - that is protected by copyright. See Mazer v. Stein, 347 U.S. 201, 217 (1954); Bleistein v. Donaldson Lithographing Co., 188 U.S. 239, 249-50 (1903) (Holmes, J.). Because Plaintiff has alleged only that Defendants have taken his ideas, rather than copied the way in which they were expressed (indeed, because these ideas were never expressed at all apart from uncopyrightable recitations of fact), Plaintiff has failed to allege facts sufficient to state a claim for copyright infringement.

9

3. Section 43(a)

In asserting that this Court has jurisdiction over his complaint, Plaintiff also invokes 15 U.S.C. § 43(a). The Court must presume that Plaintiff intends to invoke section 43(a) of the Lanham Act, as amended and codified at 15 U.S.C. § 1125. Section 43(a) provides causes of action for infringement of trade dress, service marks, or trademarks. See Univ. of Florida v. KPB, Inc., 89 F.3d 773, 775-76 (11th Cir. 1996). Plaintiff, however, has failed to identify any trademark, service mark of trade dress possibly infringed by Defendants.

It is true that in 1988 section 43(a) was revised to render false statements about another's products actionable as well, thus embracing "the vast realm of 'commercial defamation claims' and 'unfair competition.'" Paul A. Batista, A Revolution for the 1990s: Commercial Defamation, the Lanham Act and the Federal Courts, 64 N.Y. St. B.J. (August 1992). Still, for a remark to form the basis of "trade defamation" claim it must occur in the context of "commercial advertising or promotion." The complaint is bare of allegations in this regard. Even viewed with the special lenity reserved for pro se complaints, the complaint states no claim under section 43(a) of the Lanham Act.

Plaintiff's remaining claims are state law claims. Having dismissed the federal claims, this Court opts to dismiss the pendent state law claims without prejudice. See, e.g., United Mine Workers of America v. Gibbs, 383 U.S. 715, 727 (1966) ("[I]f

10

the federal claims are dismissed before trial ... the state claims should be dismissed as well."). See also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349-50 (1988) (reaffirming authority of district courts to refuse to hear pendent state claims when federal claim has been disposed of prior to trial).

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion for Entry of Default (Doc. No. 7, part 1) is DENIED;

(2) Plaintiff's Motion for Default Judgment (Doc. No. 7, part 2) is DENIED;

(3) Plaintiff's Motion to Strike (Doc. No. 7) is DENIED;

(4) Plaintiff's Motion for Summary Judgment (Doc. No. 7, part 3) is DENIED;

(5) Defendants' Motion to Dismiss (Doc. No. 5, parts 1-3) is GRANTED such that Plaintiff's federal claims are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted and Plaintiffs' state-law claims are DISMISSED WITHOUT PREJUDICE;

(6) Defendants' Motion to Transfer (Doc. No. 5, part 4) is DENIED AS MOOT; and

(7) the Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of July, 1999.

                                                      /s/ Susan C. Bucklew
                                                    SUSAN C. BUCKLEW
                                                    United States District Judge

Copies to

Pro Se Plaintiff and Counsel of Record